IN THE CIRCUIT COURT OF THE SIXTH JUDICAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
CIVIL DIVISION

JULIE MCCALLA

        Plaintiff          Case No.: 2015-CA-002801-ES

v.

CREDIT ONE BANK

        Defendant(s)
_____/

## AMENDED COMPLAINT AND JURY DEMAND

**COMES NOW** the Plaintiff, JULIE MCCALLA, by and through the undersigned counsel, and files this Complaint and Jury Demand against the Defendant, CREDIT ONE BANK ("CREDIT ONE") and would show:

## INTRODUCTION

This action arises out of the facts and circumstances surrounding the collection of an alleged consumer debt. Plaintiff brings this action for statutory damages and actual damages as well as attorney's fees and the costs of litigation for the Defendant's violations of the Florida Consumer Collection Practices Act, Title XXXIII, Chapter 559, Part VI, Florida Statutes ("FCCPA"), and for violations of the Telephone Consumer Practices Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). This law prevents creditors and debt collectors from *inter alia,* engaging in abusive, unfair and deceptive debt collection practices, as well as regulate the type of telephone equipment organizations may use to contact consumers for debt collection purposes.

Electronically Filed Pasco Case # 2015CA002801CAAXES 10/14/2015 03:36:45 PM

## JURISDICTION AND VENUE

1. This is an action for money damages in excess of fifteen thousand dollars ($15,000.00) exclusive of costs and attorney's fees.

2. Jurisdiction of this Court arises under Fla. Stat. § 559.77(1) and 47 U.S.C. § 227(b)(3) and concurrent state court jurisdiction.

3. Venue lies in this district pursuant to §559.77(1). Fla. Stat. And 47 U.S.C. § 227(b)(3) and the state court concurrent jurisdiction.

4. Venue in this district is proper in that the Defendant conducts business here, and the conduct complained of occurred here.

## PARTIES

5. Plaintiff is an individual, a natural person and a "consumer" residing in Pasco County, Florida, who is alleged to owe a debt to CREDIT ONE.

6. The Defendant CREDIT ONE is a Nevada company that conducts business in Pasco County. Its principal business location is 585 Pilot Road, Las Vegas, NV 89119.

7. Defendant is a "debt collector" as defined by the FCCPA.

8. At all times herein, Defendant was a "person" as defined by Section 559.55, Fla. Stat. *See Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

9. Defendant is engaged in the collection of consumer debts using the telephone, the U.S. Mail, and all other means at its disposal.

10. At all times herein, the Defendant either acted on its own accord, or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTS

11. At one point in time, Plaintiff was alleged to owe a debt to Defendant (the "debt").

12. The debt was incurred for Plaintiff's personal, family and/or household purposes.

13. In early July 2015, the Plaintiff specifically told the CREDIT ONE representative, that CREDIT ONE did not have her consent to call her on her cellular telephone, the number of which is 352-[redacted]-4386.

14. Plaintiff continued to receive telephone calls on her cellular phone from CREDIT ONE throughout the first two weeks of July 2015. Finally, Plaintiff began to log the dates and times of collection calls and starting July 11, 2015 and until July 29, 2015 she received 46 collection calls.

15. On July 29, 2015, Plaintiff again requested CREDIT ONE to stop calling her cellular telephone and advised them that she had retained legal counsel and gave them the undersigned's contact information. The calls stopped thereafter.

16. Despite Plaintiff informing Defendant it did not have her consent to call her cellular telephone, Defendant continued to call her cellular telephone, subsequent to the above conversations, using an auto-dialer to make each telephone call, forty-six (46) times or more times.

17. Upon information and belief, Defendant used an automatic telephone dialing system ("auto-dialer") to place the telephone calls each time that it called the Plaintiff's cellular telephone.

18. All forty-six (46) of the aforementioned telephone calls were willfully and knowingly made by Defendant to the Plaintiff's cellular telephone after Defendant was made aware that the Plaintiff did not consent to receiving such calls.

19. Section 559.77, Fla. Stat. provides for an award of up to $1,000.00 statutory damages, as well as actual damages and an award of attorney's fees to the Plaintiff should the Plaintiff prevail in this matter against the Defendant.

20. 47 U.S.C. § 227 (b)(3)(B) provides for statutory damages of five hundred dollars ($500.00) for each and every telephone call placed to the Plaintiff's cellular telephone with an auto-dialer without her express prior consent.

21. 47 U.S.C. § 227 (b)(3)(B) provides for statutory damages of five hundred dollars ($500.00) for each and every telephone call placed to the Plaintiff's cellular telephone that delivers a prerecorded message without her express prior consent.

22. In addition, if the Court finds the Defendant willfully and knowingly violated the forgoing section, the Court may award treble damages to the Plaintiff for such violations pursuant to 47 U.S.C. § 227 (b)(3).

24. All conditions precedent to the filing of this action have been completed or have been waived.

## CAUSES OF ACTION

## COUNT I – VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT

23. This is an action against the Defendant for violations of the TCPA, 47 U.S.C. § 227 *et seq.*

24. Plaintiff repeats, re-alleges and incorporates paragraphs 1-22 as though fully restated herein.

25. Defendant, in the conduct of its business, used an automated telephone dialing system, as defined by 47 U.S.C. § 227(a)(1)(A) to place telephone calls to the Plaintiff's cellular telephone.

26. Section 47 U.S.C. § 227(b)(1)(A)(iii provides in pertinent part:

   It shall be unlawful for any person within the United States –

   (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automated telephone dialing system or an artificial or prerecorded voice –
   (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

27. Defendant is subject to, and has violated the TCPA by using an automated telephone dialing system to call the Plaintiff's cellular telephone, in excess of forty-six (46) times, without her prior express consent.

28. Defendant is subject to, and has violated the TCPA by delivering prerecorded messages to the Plaintiff's cellular telephone without her prior express consent.

29. Each of the telephone calls to the Plaintiff's cellular telephone were knowingly, willfully and consciously made in violation of the TCPA, after the Plaintiff had specifically told the Defendant that it did not have her consent to call her on her cellular telephone.

30. As a direct and approximate result of Defendant's conduct, the Plaintiff has suffered: (a) The periodic loss of cellular telephone service, (b) The costs associated with the usage of cellular telephone service during each call, (c) Statutory damages under the TCPA, and (d) the expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost.

31. As a result of the above violations of the TCPA, the Defendant is liable to the Plaintiff for the amount of $500.00 as damages for each violation pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

32. Based on the willful, knowingly, and intentional conduct of the Defendant as described above, the Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendant for:

    a. $500.00 statutory damages for each violation of the TCPA pursuant to 47 U.S.C. § 227 (b)(3)(B);

  b. Treble statutory damages of $1,500.00 per knowing and willful violation of the TCPA pursuant to 47 U.S.C. § 227 (b)(3);

  c. Costs of litigation, and;

  d. Such other or further equitable relief as the Court deems just and proper under the circumstances.

## COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT.

33. This is an action against the Defendant for violations of the FCCPA, Title XXXIII, Chapter 559, Part VI, Florida Statutes.

34. Plaintiff repeats, re-alleges and incorporates paragraphs 1-22 as though fully restated herein.

35. The Defendant unlawfully used an autodialer to call the Plaintiff's cellular telephone on at least 23 occasions, without Plaintiff's express consent, while knowing the conduct was prohibited under the TCPA.

36. The immediately aforementioned conduct violated 559.72(7) and 559.72(9), Florida Statutes.

37. As a result of the forgoing violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, attorney's fees and the costs of litigation pursuant to Section 559.77(2), Fla. Stat.

WHEREFORE, Plaintiff respectfully demands that the Court enter judgment in Plaintiff's favor and against Defendant for:

a. Damages;

b. Attorney's fees and the costs of litigation;

c. A permanent injunction enjoining Defendant from engaging in the complained of practices; and

d. Such other or further relief as the Court deems just and proper.

## JURY DEMAND

Please take notice that the Plaintiff respectfully demands trial by jury on all issues so triable.

Dated this 14 day of October, 2015.

Respectfully Submitted:

_____
Christie D. Arkovich, Esq.
Florida Bar No. 963690
Barbara C. Leon, Esq.
Florida Bar No. 482115
CHRISTIE D. ARKOVICH, P.A.
1520 W. Cleveland St.
Tampa, Florida 33606
(813) 258-2808
Attorneys for Plaintiff